### 30493. CITY OF ATLANTA et al. v. GINN.

GARDNER, J. This case is in all respects similar to and controlled by that of *City of Atlanta* v. *Stallings*, ante. Therefore the former judgment of reversal (7,1 *Ga. App.* 369, 31 S. E. 2d, 77), having been reversed by the Supreme Court (198 *Ga.* 516, 32 S. E. 2d, 259), is hereby ordered vacated, and the judgment of the superior court is

*Affirmed. Broyles, C. J., and MacIntyre, J., concur.*

DECIDED JANUARY 31, 1945.

*J. C. Savage, E. L. Sterne, J. C. Murphy, Ralph Williams, Bond Almand,* for plaintiffs.

*Spence & Spence,* for defendant.

### 30675. ROBERSON v. THE STATE.

DECIDED JANUARY 31, 1945.

*Mrs. Charles Camp,* for plaintiff in error.

*Henderson Lanham, solicitor-general,* contra.

BROYLES, C. J. The defendant was convicted of possessing intoxicating liquor. The evidence showed that the liquor was found in the house where the defendant lived. However, the undisputed evidence further showed that the defendant's wife also lived in the house; that he and his wife were in a state of bona fide separation and lived in separate rooms; that he by a court order was paying to his wife temporary alimony; that his wife was paying the rent for the house; and that the liquor was in the part of the house occupied by his wife and was her liquor. There was no evidence showing or tending to show that he had possession or control of the liquor, or control over his wife's actions, or even had knowledge of the presence of the liquor in the house. Under these facts, the legal presumption that where a husband and wife reside together the house and the household effects, including intoxicating liquors, are the property of the husband, was rebutted; and the conviction of the defendant was contrary to law and the evidence.

*Judgment reversed. MacIntyre and Gardner, JJ., concur.*